IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINCOLN GENERAL INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil No. 3:16-cv-3198-B |
| U.S. AUTO INSURANCE SERVICES, INC., GAMMA GROUP INC., CSI AGENCY SERVICES, INC., ALPHA PARTNERS, LTD., JAMES DOUGLAS MAXWELL a/k/a DOUG MAXWELL, SANTA FE AUTO INSURANCE COMPANY, and JAMES THORNTON MAXWELL a/k/a JIM MAXWELL, | § § § § § § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE[1]**

Plaintiff Lincoln General Insurance Company ("Movant") has filed a Motion to Enforce Court's Order and for Sanctions against Defendant James T. Maxwell ("Respondent"). For the reasons stated, the Court should GRANT the Motion (ECF No. 246) and strike Respondent's pleadings.

---

[1] Because the recommended sanction is dispositive, the magistrate judge issues Findings, Conclusions, and a Recommendation, rather than an Order on the Motion. *See Cortis, Inc. v. CortiSlim Int'l, Inc.*, 2015 WL 5227816, at *3 (N.D. Tex. Sept. 8, 2015) ("[W]hen a district court refers a motion for sanctions, 'the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether Rule 72(a) or 72(b)' supplies the proper standard of review.") (quoting *Segal v. L.C. Hohne Contractors, Inc.*, 303 F. Supp. 2d 790, 794 (S.D. W. Va. 2004).

1

## Background[2]

In 2013, the Court held a three-day bench trial on Movant's claims against certain corporate defendants that resulted in a $16.5 million dollar judgment in Movant's favor. The Court subsequently ordered that Movant could pursue discovery concerning Respondent's financial and personal assets. *See* Order 2, ¶ 4 (ECF No. 227). Respondent's counsel subsequently requested and was granted leave to withdraw, *see* Order (ECF No. 228), and Respondent is representing himself in these post-judgment proceedings.

Movant served Respondent with a Notice of Oral and Video Deposition and a Subpoena *Duces Tecum*. Respondent did not object to any of the requests set forth in the Notice Subpoena *Duces Tecum*. Movant took Respondent's deposition on March 23, 2017, but Respondent provided only limited responsive documents and refused to answer numerous questions posed by Movant's counsel. Following the deposition, Movant filed a motion to compel discovery responses and for sanctions. *See* Mot. (ECF No. 229). The Court referred the discovery motion to U.S. Magistrate Judge Paul Stickney, who—after a hearing on the motion—granted the motion and ordered the following:

1. Respondent produce to Movant all documents Movant previously requested within 30 days at his expense;

2. Respondent produce to Movant all documents regarding transfers by Respondent and entities controlled by him, including documents regarding

---

[2] The facts and procedural history of this case are very familiar to the Court and need not be recounted at length.

>    the transfer of rights to CSi from Neutron Depot, within 30 days at his expense;
>
> 3. Respondent produce to Movant any trust or similar document by which Respondent transferred any assets to any family member, including the Red River Trust and the $4 million to his son, within 30 days at his expense;
>
> 4. Respondent obtain and produce to Movant all responsive corporate and financial documents which Respondent can reasonably obtain from third parties, specifically including all corporate entities with which he is affiliated, within 30 days at his expense;
>
> 5. Respondent produce to Movant all banks or financial institutions with which he has any accounts within 30 days at his expense;
>
> 6. Respondent seek Court approval before authorizing or permitting any transfer of assets between any entities controlled by Respondent, specifically, including all defendant entities in this litigation;
>
> 7. The transfer of assets between any entities controlled by James T. Maxwell is prohibited;
>
> 8. A second deposition of Respondent is to be conducted within 30 days. Respondent is ordered to respond completely and honestly; and
>
> 9. Further abuse by Respondent will result in sanctions and the striking of his pleadings.

*See* Order (the "October 17, 2017 Order") (ECF No. 241).

Pursuant to the October 17, 2017 Order, Movant noticed a second deposition for November 16, 2017. Respondent did not produce any documents in advance of his deposition, but on November 16, 2017, he appeared for his

deposition and tendered to Movant's counsel approximately 30 pages of documents and a flash drive. The deposition commenced, and—according to Movant's counsel—Respondent was "evasive, combative, and misleading" and did not respond "completely and honestly," as ordered by Judge Stickney. Movant thus filed the pending Motion to Enforce the October 17, 2017 Order and for Sanctions.

Movant argues that Respondent's conduct continues a pattern of abusive discovery conduct and asks the Court to impose the sanction promised by Judge Stickney as a consequence for further abuse—striking Respondent's pleadings. Respondent filed a written response, one day later than the deadline established by the local rules, and Movant filed a reply. The issues have been fully briefed, and the matter is ripe for determination.

## Legal Standards

Rule 37(b) of the Federal Rules of Civil Procedure empowers courts to impose sanctions for failures to obey discovery orders. *See, e.g., Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012). Rule 37(b)(2)(A) provides that, when a party fails to comply with a discovery order, the court may enter an order:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Alternatively, or in addition to the sanctions listed in Rule 37(b)(2)(A), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). A party's discovery conduct is "substantially justified" under Rule 37 if it is a proportional response to a genuine dispute, or if reasonable people could differ as to the appropriateness of the challenged conduct. *See S.E.C. v. Kiselak Capital Grp., LLC*, 2012 WL 369450, at *5 (N.D. Tex. Feb. 3, 2012) (quoting *Devaney v. Continental Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) *and Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The burden rests on the party who failed to comply with the order to show that an award of attorney's fees

would be unjust or that the opposing party's position was substantially justified." *Id.* at *3; *see also Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 278 (N.D. Tex. 2017).

A district court "has broad discretion under Rule 37(b) to fashion remedies suited to the misconduct." *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990). However, this discretion is not unlimited. *Smith & Fuller, P.A.*, 685 F.3d at 488. The sanction imposed should be the least severe sanction adequate to achieve the proper functions of Rule 37(b)(2) under the particular circumstances. *See id.* at 488–90. A finding of "bad faith or willful misconduct" is normally required to support the most severe remedies under Rule 37(b)—striking pleadings or dismissal of a case. *Id.* at 488; *Nissho–Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1304 (5th Cir. 1988) ("We have repeatedly emphasized that a dismissal with prejudice is a 'draconian' remedy, or a 'remedy of the last resort,' to be employed only when the failure to comply with the court's order results from willfulness or bad faith rather than from an inability to comply. Nevertheless, deliberate, repeated refusals to obey discovery orders have been held to warrant the use of this ultimate sanction."); *Tech. Chem. Co. v. IG–LO Prod. Corp.,* 812 F.2d 222, 224 (5th Cir. 1987) ("Entry of a default judgment is an appropriate sanction when the disobedient party has failed to comply with a court order because of willfulness, bad faith, or other fault on its part, as opposed to its inability to comply with the court's order.").

6

District courts also have inherent power to impose sanctions for litigation misconduct. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 51 (1991). This inherent power derives from a district court's need "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 43 (quotation marks and citation omitted). The imposition of sanctions pursuant to a court's inherent power, however, "must be exercised with restraint and discretion," *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980), and "requires a finding of bad faith or willful abuse of the judicial process." *In re Moore*, 739 F.3d 724, 729 (5th Cir. 2014) (quoting *Gonzalez v. Trinity Marine Grp., Inc.*, 117 F.3d 894, 898 (5th Cir. 1997) (internal quotation marks omitted)). "[T]he finding of bad faith must be supported by clear and convincing proof." *Crowe v. Smith*, 261 F.3d 558, 563 (5th Cir. 2001). The severe sanction of dismissal or default judgment pursuant to a court's inherent authority should only be imposed as a last resort, when less drastic sanctions will not ensure compliance with the court's orders. *See Sample v. Miles*, 239 F. App'x 14, 20, 2007 WL 486770, at *3, n.14 (5th Cir. 2007) ("Sanctions under a court's inherent power to punish abusive litigation practices are permissible but should be used as a last resort, if sanctions under the Federal Rules [do not] fit and there is 'bad faith.'") (quoting *Toon v. Wackenhut Corrections Corp.*, 250 F.3d 950, 952 (5th Cir. 2001)). When exercising its inherent power, the court must comply with due process in determining bad faith and affixing sanctions. *Chambers*, 501 U.S. at 50.

7

## Analysis

Movant argues that Respondent ignored Judge Stickney's specific instructions set forth in the October 17, 2017 Order, by failing to produce responsive documents and by failing to completely and honestly answer questions at his November 16, 2017 deposition. Movant further argues that Respondent's discovery abuse was willful because he admitted that he did not search for documents responsive to Movant's subpoena *duces tecum*, and answered questions at his deposition with "indifference, arrogance, sarcasm, and evasion." Movant contends that Respondent's conduct warrants a severe sanction in the form of striking Respondent's pleadings.

Having reviewed the record in this case, including the October 17, 2017 Order, and the parties' submissions in connection with the sanctions motion, it is clear that Respondent failed to comply with the October 17, 2017 Order and should be sanctioned. The October 17, 2017 Order is very clear in terms of what discovery Respondent is required to produce. Yet, Respondent failed to provide the discovery, as ordered by the Court, and failed to establish a legitimate excuse for doing so. Movant has shown that the documents on the flash drive produced at the November 16, 2017 deposition were either produced previously or not the documents at issue. Movant explains that the flash drive contained 360 pages of documents. More than 320 pages of those documents were Frost Bank documents that relate to the financing of Santa Fe Insurance Company and are not responsive to several of the categories described in the October 17, 2017

Order. The remaining documents were all produced before the entry of the Court's October 17, 2017 Order and do not satisfy Respondent's obligation. In particular, the "assignment agreement" between CSi and Neutron Depot is the same as the Assignment of Service Mark for "Insurance Depot" that had been produced prior to the Court's October 17, 2017 Order. Indeed, Respondent submitted this agreement as an exhibit to Respondent's March 23, 2017 deposition that prompted the first motion to compel. Respondent's excuse for failing to produce any documents regarding the transfer between CSi and Neutron Depot, that Neutron Depot would not release the documents because the company's operating agreement prohibits members from disclosing those documents to anyone else, appears disingenuous in light of the fact that Respondent executed the Assignment of Service Mark on behalf of both interested entities. Resp't's Dep. 26:8; 27:4-6.

Respondent's deposition testimony further shows that Respondent did not make a good faith effort to obtain and produce the documents at issue. For example, though the October 17, 2017 Order requires Respondent to produce "any trust or similar document by which Respondent transferred any assets to any family member, including the Red River Trust," at his deposition, Respondent said that he did not produce documents transferring assets to the Red River Trust because the assets went to the Trust and not any family member, though his children were trust beneficiaries. Resp't's Dep. 57:15-20. The transcript shows that Movant accurately characterized Respondent's testimony as

9

"evasive, combative, and misleading." As evidence of Respondent's evasiveness, when asked whether he was familiar with the terms of the October 17, 2017 Order, referred to as Exhibit 1 in Respondent's deposition, Respondent said, "I didn't memorize it, no. You would know better than I whether it's an exact copy anyway." Resp't's Dep. 9:7-10; ECF 246-2.  As further evidence of Respondent's combativeness, when asked whether he felt like he had to comply with the October 17, 2017 Order, Respondent replied, "I'm not going to answer that one either. That's argumentative and abusive." Resp't's Dep. 108:7-10. Movant followed up by asking whether Respondent felt obligated to comply with the part of the Order requiring him to respond to Movant's deposition questions honestly and completely, and Respondent stated, "That is a legal question I'm not qualified to answer." Resp't's Dep. 108:11-17.v

      Respondent's attitude is consistent with his behavior that resulted in the October 17, 2017 Order and sanction warning from Judge Stickney. Respondent willfully ignored the Court's warning and did not amend or correct his behavior when he had the opportunity. The Court rejects Respondent's argument that Movant's counsel intimidated Respondent at the deposition. A review of the deposition transcript does not support his argument.

      Respondent's failure to comply with the October 17, 2017 Order requiring him to produce responsive documents to Movant's discovery requests and his behavior at the November 16, 2017 deposition demonstrate his willful disregard for and a pattern of contumacious conduct toward his discovery obligations

under the prior order. Under the circumstances, the Court is justified in sanctioning Respondent. The Court finds that the threatened sanction—striking Respondent's pleadings—is an appropriate sanction and that no lesser sanction that would be sufficient to deter Respondent's behavior.

Further, based on the record, the Court finds that Respondent has not established that his failure to comply with the October 17, 2017 Order was substantially justified or that other circumstances make an award of expenses unjust under Fed. R. Civ. P. 37(b)(2)(C). Accordingly, Respondent should be ordered to pay Movant's reasonable attorneys' fees and costs incurred in bringing the Motion to Enforce Court's Order and for Sanctions.

## Recommendation

The Court should GRANT Lincoln General Insurance Company's Motion to Enforce Court's Order and for Sanctions against Respondent James T. Maxwell (ECF No. 246), strike Respondent's pleadings , and order Respondent to pay Plaintiff's reasonable attorneys' fees and costs incurred in bringing the Motion.

Plaintiff should be ordered to file an application for attorneys' fees and costs, accompanied by supporting evidence establishing the amount of the reasonable attorneys' fees and costs to be awarded under Rule 37(b)(2)(C), no later than 14 days after the entry of an Order accepting these Findings, Conclusions, and Recommendation.

Dated: August 31, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

  The Court directs the United States District Clerk to serve on the parties a true copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these Findings, Conclusions, and Recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these Findings, Conclusions, and Recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the Findings, Conclusions, and Recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).