UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINCOLN GENERAL INSURANCE COMPANY (IN LIQUIDATION), | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:16-CV-3198-B |
| JAMES THORNTON MAXWELL | § § § | |
| Defendant. | § § | |

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Magistrate Judge Rebecca Rutherford's Findings, Conclusions, and Recommendation (Doc. 253) on Plaintiff Lincoln General Insurance Company's Motion to Enforce Court's Order and for Sanctions Against James T. Maxwell (Doc. 246). Defendant James Thornton Maxwell, a/k/a Jim Maxwell, has failed to object to Judge Rutherford's findings and recommendation within fourteen days after being served as required by Federal Rule of Civil Procedure 72(b)(2). In the absence of objections, the Court reviews Judge Rutherford's findings and recommendation for clear error. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

# I.

# BACKGROUND

The issue before the Court relates to Defendant Jim Maxwell's abusive and dilatory conduct during post-judgment discovery proceedings. The Court tried this case in 2013, which resulted in a $16.5 million judgment in favor of Plaintiff. *See Lincoln General Insurance Co. v. U.S. Auto Insurance Services Inc., et al.*, No. 3:10–CV–2307–B (N.D. Tex. Jan. 25, 2017) (Doc. 170). On November 15, 2016, after a lengthy appeals process the Fifth Circuit reversed in part and affirmed in part the judgement of the Court. After which the Court determined it was appropriate to sever the remaining claims against Defendants. Doc. 227, Order on Severance. Pursuant to that Order, this civil case (No. 3:16–CV–3198) was opened against Defendant James ("Jim") Maxwell. *Id.* In that order, this Court also granted Plaintiff "the right to fully pursue discovery concerning the financial and personal assets of Doug Maxwell and Jim Maxwell in the severed case." *Id.* at 2.

After the severance order, Plaintiff served Defendant Jim Maxwell with a Notice of Oral and Video Deposition and a Subpoena *Duces Tecum*. Doc. 229, Pl.'s Mtn. to Compel, 4. On March 23, 2017, Plaintiff took Maxwell's deposition, but Maxwell provided only limited responsive documents and refused to answer numerous questions. *Id.* On June 6, 2017, Plaintiff moved the Court to compel Maxwell to respond to the document requests and retake Maxwell's deposition. *Id.* Plaintiff also requested sanctions. *Id.* On July 5, 2017, this Court referred Plaintiff's motion to United States Magistrate Judge Paul D. Stickney. Doc. 230, Order Referring Mtn. After conducting a hearing on this motion, Judge Stickney granted the Plaintiff's motion on October 17, 2017. Doc. 241, Order ("Judge Stickney's Order"). Judge Stickney's Order required Maxwell to produce a number of

documents related to his financial status, and appear at another deposition where he was required to answer questions completely and honestly. *Id.* Importantly, the Order also specifically warned Maxwell: "Further abuse by Respondent [Maxwell] will result in sanctions and the striking of his pleadings." *Id.* at 2.

However, despite Judge Stickney's clear admonition, Maxwell still refused to comply. Plaintiff noticed a second deposition, pursuant to Judge Stickney's Order, on November 16, 2017. Doc. 246, Pl.'s Mtn. to Enforce Court's Order, 2. While Maxwell did appear for the deposition, he failed to produce documents that were responsive to the straightforward terms set out in Judge Stickney's Order. *See* Doc. 253, Findings, Conclusions, and Recommendation of the United States Magistrate Judge, 8–9. Additionally, Plaintiff characterized Maxwell's testimony during the deposition as "evasive, combative, and misleading." *Id.* at 9–10.

On August 31, 2018, based on Maxwell's abusive behavior at the deposition and disregard for document requests, Judge Rutherford found that Maxwell "willfully ignored the Court's warning and did not correct his behavior when he had the opportunity." *Id.* Further, Judge Rutherford found that Maxwell demonstrated a pattern of "contumacious conduct" towards his discovery obligations and this Court's orders without any justifiable excuse. *Id.* at 10–11. Judge Rutherford then, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), recommended that this Court order the sanction Judge Stickney originally warned of in the October 17, 2017 Order—the striking of Maxwell's pleadings—because "no lesser sanction would be sufficient to deter Respondent's behavior." *Id.* at 11. Judge Rutherford also recommended that Maxwell pay Plaintiff's reasonable attorneys' fees and costs incurred in bringing its Motion to Enforce Court's Order and for Sanctions under Federal Rule

of Civil Procedure 27(b)(2)(A).

## II.

## ANALYSIS

After conducting an independent review of the motions, responses, files, and records in this case, and the Findings, Conclusions, and Recommendation of United States Magistrate Judge Rutherford, the Court is of the opinion that the Findings, Conclusions, and Recommendations are correct and free of clear error. A district court "has broad discretion under Rule 37(b) to fashion remedies suited to the misconduct." *Pressey v. Patterson*, 898 F.3d 1018, 1021 (5th Cir. 1990). However, typically, to impose the severest of remedies under Rule 37(b)—*e.g.*, striking pleadings, entering default judgment, or dismissing the action with prejudice—a party's violation of a discovery order must be committed willfully or in bad faith. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012); *Plasticsource Workers Comm. v. Coburn*, 283 F. App'x 181, 184 (5th Cir. 2008) (affirming default judgment under Rule 37(b) based on willful violation of discovery order). Additionally, the district court should find that "a lesser sanction [under Rule 37(b)] would not substantially achieve the desired deterrent effect." *Coburn*, 283 F. App'x at 184 (citing *Smith v. Smith*, 145 F.3d 335, 344 (5th Cir. 1998)).

Here, this Court finds no error in Magistrate Judge Rutherford's findings or application of the proper law. Based on the unambiguous requirements and warnings in Judge Stickney's Order, Judge Rutherford had ample evidence to conclude that Maxwell behaved willfully when he violated that Order. Further, with good reason, Judge Rutherford concluded that Maxwell's "pattern of contumacious conduct" in these proceedings indicated that "no lesser sanction" would be "sufficient

to deter" Maxwell. Doc. 253, Findings, Conclusions, and Recommendations, 10–11.

It is therefore **ORDERED** that the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (Doc. 253) are **ADOPTED,** and Plaintiff Lincoln General Insurance Company's Motion to Enforce Court's Order and for Sanctions Against James T. Maxwell (Doc. 246) is **GRANTED**.

Accordingly, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), the Court **ORDERS** Defendant James Thornton Maxwell's pleadings related to Plaintiff's remaining claims against him be struck from the record. Thus, Maxwell's Answer found at *Lincoln General Insurance Co. v. U.S. Auto Insurance Servs. Inc., et al.*, No. 3:10–CV–2307–B (N.D. Tex. Sept. 20, 2011) (Doc. 68) is hereby **STRUCK** from the record. The Court also **ORDERS** under Federal Rule of Civil Procedure 37(b)(2)(C) that Maxwell pay Plaintiff's reasonable attorneys' fees and costs incurred in bringing this motion. Finally, Plaintiff Lincoln is **ORDERED** to file an application for attorneys' fees and costs, accompanied by supporting evidence establishing the reasonable amount to be awarded under Rule 37(b)(2)(C) no later than **fourteen days** after the entry of this order.

**SO ORDERED.**

**SIGNED: September 20, 2018.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE