UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| LINCOLN GENERAL INSURANCE COMPANY (IN LIQUIDATION), | § § § § | |
|---|---|---|
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:16-CV-03198-B |
| JAMES THORNTON MAXWELL | § § § | |
| Defendant. | § § | |

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Magistrate Judge Rebecca Rutherford's Findings, Conclusions, and Recommendation (Doc. 253) on Plaintiff Lincoln General Insurance Company's Motion to Enforce Court's Order and for Sanctions Against James T. Maxwell (Doc. 246) and Defendant James Thornton Maxwell's Objections to Findings, Conclusions, and Recommendation of the United States Magistrate Judge (Doc. 256). Before Defendant James Thornton Maxwell's, a/k/a Jim Maxwell, objections were filed, this Court entered its Order Adopting Findings, Conclusions, and Recommendation of the United States Magistrate Judge (Doc. 255) on September 20, 2018. One day later, on September 21, 2018, Maxwell filed his objections. Pursuant to Federal Rule of Civil Procedure 6(d), Maxwell had an additional three days to file his objections to the Findings, Conclusions, and Recommendations of the United States Magistrate Judge because he was served via certified mail. Thus, on September 21, 2018 Maxwell's objections were timely.

The Court will therefore **VACATE** its September 20, 2018 Order Adopting Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 255) and conduct a *de novo* review of the pleadings, files, and record in the case pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), as well as the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and Defendant Jim Maxwell's Objections thereto.

I.

BACKGROUND

The issue before the Court relates to Defendant Jim Maxwell's abusive and dilatory conduct during post-judgment discovery proceedings. The Court tried this case in 2013, which resulted in a $16.5 million judgment in favor of Plaintiff. *See Lincoln General Insurance Co. v. U.S. Auto Insurance Services Inc., et al.*, No. 3:10–CV–2307–B (N.D. Tex. Jan. 25, 2017) (Doc. 170). On November 15, 2016, after a lengthy appeals process, the Court determined it was appropriate to sever the remaining claims against Defendants. Doc. 227, Order on Severance. Pursuant to that Order, this civil case (No. 3:16–CV–3198) was opened against Defendant James ("Jim") Maxwell. *Id.* In that order, this Court also granted Plaintiff "the right to fully pursue discovery concerning the financial and personal assets of Doug Maxwell and Jim Maxwell in the severed case." *Id.* at 2.

After the severance order, Plaintiff served Defendant Jim Maxwell with a Notice of Oral and Video Deposition and a Subpoena *Duces Tecum*. Doc. 229, Pl.'s Mot. to Compel, 4. On March 23, 2017, Plaintiff took Maxwell's deposition, but Maxwell provided only limited responsive documents and refused to answer numerous questions. *Id.* On June 6, 2017, Plaintiff moved the Court to compel Maxwell to respond to the document requests and retake Maxwell's deposition. *Id.* Plaintiff also

requested sanctions. *Id.* On July 5, 2017, this Court referred Plaintiff's motion to United States Magistrate Judge Paul D. Stickney. Doc. 230, Order Referring Mot. After conducting a hearing on this motion, Judge Stickney granted the Plaintiff's motion on October 17, 2017. Doc. 241, Order ("Judge Stickney's Order"). Judge Stickney's Order required Maxwell to produce a number of documents related to his financial status, and appear at another deposition where he was required to answer questions completely and honestly. *Id.* Importantly, the Order also specifically warned Maxwell: "Further abuse by Respondent [Maxwell] will result in sanctions and the striking of his pleadings." *Id.* at 2.

However, despite Judge Stickney's clear admonition, Maxwell still refused to comply. Plaintiff noticed a second deposition, pursuant to Judge Stickney's Order, on November 16, 2017. Doc. 246, Pl.'s Mot. to Enforce Court's Order, 2. While Maxwell did appear for the deposition, he failed to produce documents that were responsive to the straightforward terms set out in Judge Stickney's Order. *See* Doc. 253, Findings, Conclusions, and Recommendation of the United States Magistrate Judge, 8–9. Additionally, Plaintiff characterized Maxwell's testimony during the deposition as "evasive, combative, and misleading." *Id.* at 9–10.

On August 31, 2018, based on Maxwell's abusive behavior at the deposition and disregard for document requests, Judge Rutherford found that Maxwell "willfully ignored the Court's warning and did not correct his behavior when he had the opportunity." *Id.* Further, Judge Rutherford found that Maxwell demonstrated a pattern of "contumacious conduct" towards his discovery obligations and this Court's orders without any justifiable excuse. *Id.* at 10–11. Judge Rutherford then, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), recommended that this Court order the sanction

Judge Stickney originally warned of in the October 17, 2017 Order—the striking of Maxwell's pleadings—because "no lesser sanction would be sufficient to deter Respondent's behavior." *Id.* at 11. Judge Rutherford also recommended that Maxwell pay Plaintiff's reasonable attorneys' fees and costs incurred in bringing its Motion to Enforce Court's Order and for Sanctions under Federal Rule of Civil Procedure 27(b)(2)(A).

## II.

## ANALYSIS

After conducting a *de novo* review of the motions, responses, files, and records in this case, as well as the Findings, Conclusions, and Recommendation of United States Magistrate Judge Rutherford and Defendant Maxwell's Objections, the Court is of the opinion that the Findings, Conclusions, and Recommendation are correct. A district court "has broad discretion under Rule 37(b) to fashion remedies suited to the misconduct." *Pressey v. Patterson*, 898 F.3d 1018, 1021 (5th Cir. 1990). However, typically, to impose the severest of remedies under Rule 37(b)—*e.g.*, striking pleadings, entering default judgment, or dismissing the action with prejudice—a party's violation of a discovery order must be committed willfully or in bad faith. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012); *Plasticsource Workers Comm. v. Coburn*, 283 F. App'x 181, 184 (5th Cir. 2008) (affirming default judgment under Rule 37(b) based on willful violation of discovery order). Additionally, the district court should find that "a lesser sanction [under Rule 37(b)] would not substantially achieve the desired deterrent effect." *Coburn*, 283 F. App'x at 184 (citing *Smith v. Smith*, 145 F.3d 335, 344 (5th Cir. 1998)).

Here, this Court agrees with Magistrate Judge Rutherford's findings and application of the

law. Based on the unambiguous requirements and warnings in Judge Stickney's Order, Judge Rutherford had ample evidence to conclude that Maxwell behaved willfully when he violated that Order. Further, with good reason, Judge Rutherford concluded that Maxwell's "pattern of contumacious conduct" in these proceedings indicated that "no lesser sanction" would be "sufficient to deter" Maxwell. Doc. 253, Findings, Conclusions, and Recommendation, 10–11.

From his Objections, the Court is able to discern two specific objections that Maxwell has raised in response to Judge Rutherford's Findings, Conclusions, and Recommendation: (1) that this Court should have ordered a protective order based on counsel for Plaintiff's discovery requests; and (2) that his discovery productions are, in fact, responsive to Judge Stickney's Order.

First, Maxwell argues that both his Motion to Dismiss or for Protective Order (Doc. 235) and Plaintiff Lincoln General Insurance Company's Response (Doc. 236) "have been ignored by the Court without comment" and that he is entitled to a protective order based on the "oppression and undue burden" caused by Plaintiff's discovery requests. *See* Doc. 256, Maxwell's Objs., 2–3. To start, Maxwell was put on notice that "a party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made." Doc. 253, Findings, Conclusions, and Recommendations, 12. Thus, Maxwell's first objection is unrelated to Magistrate Judge Rutherford's Findings, Conclusions, and Recommendation and can be overruled on that ground alone. However, the Court will note on January 9, 2018, Magistrate Judge Stickney denied his motion after full briefing and a hearing because, in large part, Maxwell's Motion to Dismiss was a "reiteration of his Response to Plaintiff's Motion to Compel." Doc. 245, Order Denying Mot. to Dismiss or for Protective Order, 2. Thus, Maxwell's Motion to Dismiss was considered and

subsequently denied after a hearing and full consideration by Magistrate Judge Stickney. Maxwell's first objection is overruled.

Next, Maxwell argues again, as he has in previous motions (*See* Doc. 247, Def.'s Resp. to Pla.'s Mot. to Enforce Court's Order and for Sanctions, 3–5 and Doc. 249, Def.'s Mot. to Quash, 1–2), that his previous production is sufficiently responsive to Judge Stickney's Order on October 17, 2017. Doc. 256, Def.'s Objs., 4–5. Maxwell claims the flash drive he produced covers the items Judge Stickney ordered him to produce, except for documents that were previously produced or that do not exist. *Id.* However, of the 360 pages of documents produced in the flash drive, 323 were banking documents related Sante Fe Insurance Company in 2010, which were "marginally relevant" to the items he was ordered to produced. Doc. 248, Pl.'s Reply in Support of Mot. To Enforce, 3–4. Further, of the remaining 37 pages, it appears that only a few of these were new and responsive documents. *Id.* (noting that his 2016 tax returns and some K-1's related to Neutron Depot were new documents). Thus, the Court finds that Maxwell's objection that he produced all the requested items in Judge Stickney's Order "to the maximum extent possible" baseless. Maxwell's behavior and testimony at his November 16, 2017 deposition further undercut his assertions that he has fully complied with this Court's orders.[1] The Court overrules this objection as well.

It is therefore **ORDERED** that the Findings, Conclusions, and Recommendation of the

---

[1] *See* Doc. 246-2, Def.'s Oral Depo., 7–8 (testifying he produced most of the documents from his file cabinet and that they were mostly reproduction); *Id.* at 8–9 (testifying the only third party he requested documents from was his son-in-law, but he did not inform him or any other party of Judge Stickney's Order); *Id.* at 18–19, (testifying he made no effort to obtain documents related to money transfers to his family or regarding the Maxwell Family Trust, which were both items covered in Judge Stickney's Order); *Id.* at 22 (testifying that in regard to corporate and financial documents he was ordered to produced, he attempted to obtain them by logging in to his account online, and when that failed, he never contacted the bank or made any additional effort to obtain them).

United States Magistrate Judge (Doc. 253) are **ADOPTED,** and Plaintiff Lincoln General Insurance Company's Motion to Enforce Court's Order and for Sanctions Against James T. Maxwell (Doc. 246) is **GRANTED**. Defendant James Thornton Maxwell's Objections to Findings, Conclusions, and Recommendation of the United States Magistrate Judge (Doc. 256) are **OVERRULED**. This Court's September 20, 2018 Order Adopting Findings, Conclusions, and Recommendation of the United States Magistrate Judge (Doc. 255) is **VACATED**.

Accordingly, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), the Court **ORDERS** Defendant James Thornton Maxwell's pleadings related to Plaintiff's remaining claims against him be struck from the record. Thus, Maxwell's Answer found at *Lincoln General Insurance Co. v. U.S. Auto Insurance Servs. Inc., et al.*, No. 3:10–CV–2307–B (N.D. Tex. Sept. 20, 2011) (Doc. 68) is hereby **STRUCK** from the record. The Court also **ORDERS** under Federal Rule of Civil Procedure 37(b)(2)(C) that Maxwell pay Plaintiff's reasonable attorneys' fees and costs incurred in bringing this motion. Finally, Plaintiff Lincoln is **ORDERED** to file an application for attorneys' fees and costs, accompanied by supporting evidence establishing the reasonable amount to be awarded under Rule 37(b)(2)(C) no later than **October 10, 2018, fourteen days** after the entry of this order.

**SO ORDERED.**

**SEPTEMBER 26, 2018.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE