IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LINCOLN GENERAL INSURANCE COMPANY,<br><br>　　Plaintiff,<br><br>v.<br><br>U.S. AUTO INSURANCE SERVICES, INC., *et al.*,<br><br>　　Defendants. | Case No. 3:16-cv-03198-B (BT) |

# **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Lincoln General Insurance Company's Application for Attorneys' Fees and Costs (ECF No. 258). Upon consideration of Plaintiff's submission in light of the governing authority, the Court GRANTS the Application in its entirety and ORDERS Defendant James T. Maxwell to pay Plaintiff $17,080.50 for necessary and reasonable attorney fees.[1]

## **Background**

The District Court previously granted Plaintiff's Motion to Enforce Court's Order and for Sanctions against Defendant James T. Maxwell (ECF No. 246) (the "Sanctions Motion"). The Court determined that Defendant's willful and

---

[1] The only issue for determination presented by the Application is the amount of fees to be awarded. Because the amount of fees is not a dispositive matter, the magistrate judge rules on the Application by Memorandum Opinion and Order rather than by Findings, Conclusions, and a Recommendation to the District Judge.

1

contumacious conduct warranted the imposition of sanctions and that the appropriate sanction was to strike Defendant's pleadings and order him to pay Plaintiff's reasonable attorneys' fees and costs incurred in bringing the Sanctions Motion.[2] Plaintiff filed the pending Application to recover $17,080.50 in attorneys' fees pursuant to the Court's Order of September 26, 2018 (ECF No. 257) granting the Sanctions Motion and the Court's specific instruction to file such an application. The Application is supported by written declarations from Plaintiff's counsel to establish the reasonableness of the amount requested. Defendant did not file any objection or other response to the Application. The Court therefore considers the Application without the benefit of a response.

## Legal Standards and Analysis

"When a party fails to comply with a court order, the court may order the disobedient party to pay reasonable expenses, including attorneys' fees, caused by the failure unless the failure was 'substantially justified or other circumstances make an award of expenses unjust.'" *E.E.O.C. v. Rock-Tenn Servs. Co., Inc.*, 2013 WL 12123948, at *1 (N.D. Tex. July 23, 2013) (quoting Fed. R. Civ. P. 37(b)(2)(C)). Rule 37(b) "empowers the courts to impose sanctions for failures to obey discovery orders" and "authorizes the court to impose a . . . sanction of reasonable expenses, including attorney's fees, caused by the failure to obey a discovery order." *Id.*

---

[2] Defendant's conduct that caused the Court to grant the Sanctions Motion is well documented in the Court's prior rulings (ECF Nos. 253, 275) and will not be repeated here as it is not necessary to revisit that conduct to rule on Plaintiff's Application.

(quoting *Smith & Fuller, P.A.* v. *Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012)). A district court "has broad discretion under Rule 37(b) to fashion remedies suited to the misconduct." *Id.* (quoting *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990)). When attorneys' fees are to be awarded, the fee applicant has the burden of "presenting evidence that is adequate for the court to determine what hours should be included in the reimbursement." *Id.* (quoting *Bode* v. *United States*, 919 F.2d 1044, 1047 (5th Cir. 1990)). Plaintiff submits its Application for "necessary and reasonable attorney fees" in the amount of $17,080.50. App. 2 (ECF No. 258-1). Plaintiff calculated its reasonable fees using the "lodestar" method, which is the appropriate method for computing reasonable fees under Rule 37. *Rock-Tenn Servs. Co., Inc.*, 2013 WL 12123948, at *2 (citing *Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002)). "A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work." *Id.* Declarations submitted in support of the Application establish that Mr. William N. Radford, an attorney with over 40 years of experience, spent 22.8 hours preparing and pursuing the Sanctions Motion, and Mr. Bradford K. Burdette, an attorney with almost 30 years of experience, spent an additional 35.1 hours working on the Sanctions Motion. Mr. Radford and Mr. Burdette both charged a rate of $295.00 per hour for their efforts. Defendant did not object that Plaintiff's attorneys spent an inordinate amount of time working on the sanctions issue; nor did he question Plaintiff's attorneys' hourly rates. The declarations only generally describe the

work performed by Messrs. Radford and Burdette as "preparing, filing, and pursuit of" Sanctions Motion, but Defendant did not object that this description is inadequate. And, "[a]ttorneys are not required to 'writ[e] a book' to describe in excruciating detail the professional services rendered for each hour or fraction of an hour." *Id.* (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 327 (5th Cir. 1995)). "When entries are 'vague as to precisely what was done' or are 'not illuminating as the subject matter,' the district court has discretion whether to accept or reject the fee application." *Id.* (quoting *Leroy v. City of Houston (Leroy II)*, 906 F.2d 1068, 1080 (5th Cir. 1990)). Here, the Court can review the Sanctions Motion and accompanying brief in light of the attorneys' general description and determine that their work on the Motion included factual investigation, substantial legal research, and significant drafting and editing. The Court finds the record, in its entirety, establishes that Plaintiff incurred $17,080.50 in necessary and reasonable attorneys' fees and is entitled to recover that amount from Defendant. The Court, in its discretion, accepts the Application in its entirety and orders Defendant to pay Plaintiff $17,080.50.

**SO ORDERED**.

July 26, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE